# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODRIGO RUBEN LOPEZ-VELASQUEZ, | No. 4:19-CV-01766 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN, | |
| Respondent. | |

## MEMORANDUM OPINION

### FEBRUARY 20, 2020

**I. BACKGROUND**

Presently before the Court is the petition for writ of habeas corpus of Petitioner Rodrigo Ruben Lopez-Velasquez filed pursuant to 28 U.S.C. § 2241 in which he seeks a bond hearing to remedy his allegedly unconstitutional prolonged immigration detention.[1] The Court reviewed the petition and issued an order to show cause why the petition should not be granted.[2] In response, Respondent has filed a suggestion of mootness, which explains that Petitioner has been removed from the United States.[3] Since that time, the Court notes that mail sent to Petitioner at his

---

[1] ECF No. 1.
[2] ECF No. 10.
[3] ECF No. 12.

address of record has been returned.[4] For the reasons that follow, the Court will dismiss the petition as moot.

## II. DISCUSSION

In light of the action recently taken by immigration officials in removing Petitioner from the United States, this case is now moot and must be dismissed. According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[5] In the context of habeas corpus petitions, mootness questions frequently turn on straightforward factual issues. Thus,

> a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[6]

The mootness doctrine applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, the deportation or removal of an alien renders an immigration

---

[4] *See* ECF No. 13.
[5] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).
[6] *DeFoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005) (internal citations omitted).

2

habeas petition moot.[7] As the United States Court of Appeals for the Third Circuit stated in *Lindaastuty* when confronted with the same situation, "because [the petitioner] has already been deported and is, therefore, no longer in custody, the challenge to her detention is moot and the habeas petition must be dismissed."[8]

Although the *Lindaastuty* decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow."[9] The Court agrees with the reasoning in *Lindaastuty* and concludes that since Petitioner has been removed "and is, therefore, no longer in custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed."[10]

### III. CONCLUSION

For the reasons set forth above, the Petition will be denied as moot. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] *See Lindaastuty v. Attorney General*, 186 F. App'x 294 (3d Cir. 2006).
[8] *Id.* at 298.
[9] *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 n.12 (3d Cir. 1996).
[10] *Lindaastuty*, 186 F. App'x at 298.